# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIBBY AMMON** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 13-764-SDD-RLB** |
| **DILLARD'S DEPARTMENT STORE #768** | |

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.   Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 13, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

LIBBY AMMON                                    CIVIL ACTION

VERSUS                                         NO.: 13-764-SDD-RLB

DILLARD'S DEPARTMENT
STORE #768


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 10). The motion is opposed. (R.

Doc. 13). For the following reasons, the undersigned recommends that Plaintiff's motion be

denied.

## I.      Background

On June 19, 2013, Libby Ammon ("Plaintiff") was a customer at the Dillard's

Department Store in The Mall of Louisiana owned and operated by Higbee Lancoms, LP

("Defendant").[1] Plaintiff claims that it was a rainy day and when she entered the store there

were no mats on the ground, no wet floor signs, and no umbrella bags at the entrance. (R. Doc.

1-2 at 1-2). Plaintiff alleges that she slipped and "violently" fell to the ground shortly after

entering the store and, as a result of the fall, suffered "severe and debilitating bodily injuries that

have required medical treatment and will continue to require medical treatment in the future." (R.

Doc. 1-2 at 2).

Following the alleged incident, Plaintiff filed this personal injury suit on October 8, 2013

in the 19th Judicial District Court of East Baton Rouge Parish, Louisiana. Plaintiff seeks

---

[1] In its Notice of Removal, Defendant states that there is no business entity named "Dillard's Department
Store #768," the only named defendant in the Petition. (R. Doc. 1 at 2).

recovery of damages for her past, present, and future pain and suffering, mental anguish and distress, medical expenses, loss wages, loss of enjoyment of life, as well as any other recoverable damages. (R. Doc. 1-2 at 3).

On November 25, 2013, Defendant removed the action alleging that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). Defendant alleges that the amount in controversy requirement is satisfied because, in addition to the allegations in the Petition, Plaintiff represented "to Dillard that she sustained a fractured elbow and a concussion when she fell at Dillard." (R. Doc. 1 at 3).[2] Defendant alleges that it is a citizen of Delaware and Arkansas, and is therefore diverse from the Plaintiff, a citizen of Louisiana. (R. Doc. 1 at 2-3).[3]

On January 15, 2015, after the completion of discovery and on the deadline to file dispositive motions, Defendant filed a Motion for Summary Judgment. (R. Doc. 8). The next day, Plaintiff filed the instant Motion to Remand. (R. Doc. 10). The district judge has postponed ruling on Defendant's Motion for Summary Judgment until resolution of the Plaintiff's Motion to Remand. (R. Doc. 12).

## II.     Arguments of the Parties

Plaintiff claims that based on Plaintiff's deposition testimony on November 11, 2014, and documents provided by Defendant on January 14, 2015, the amount in controversy does not exceed $75,000.00. (R. Doc. 10 at 1). Plaintiff states that because of "the uncertain nature" of her injury, "it has been difficult to determine if there is a permanent impairment." (R. Doc. 10-1 at 1). Moreover, Plaintiff states that because she "works on commission, it has been difficult for both

---

[2]  Defendant's Opposition clarifies that these representations were made to Defendant by plaintiff's counsel in a letter dated June 24, 2013. (R. Doc. 13 at 3 n.5).

[3]  Defendant specifically states that it should be deemed a citizen of Delaware. (R. Doc. 1 at 3). Based on Defendant's business relationships, however, it also appears to be a citizen of Arkansas.

parties to determine the extent of lost wages." (R. Doc. 10-1 at 1). Plaintiff states that she "has now been able to at least ascertain that her claim does not exceed the jurisdictional threshold of $75,000.00 and in fact will stipulate her claim has an amount in controversy less than $50,000.00, exclusive of interest and costs." (R. Doc. 10-1 at 1-2).

In opposition, Defendant argues that when "analyzed as of the date of removal, the amount in controversy more likely than not met or exceeded the jurisdictional threshold of $75,000.00." (R. Doc. 13 at 1). First, Defendant argues that in light of Plaintiff's allegations of "severe and debilitating injuries" requiring future medical treatment, and the extent of damages sought, it is facially apparent from the Petition that the amount in controversy requirement is satisfied. (R. Doc. 13 at 6-7). Second, Defendant argues that if the amount in controversy is not facially apparent, then the court should consider "Plaintiff's own assertions of injury prior to filing her Petition" to determine that the facts in controversy at the time of removal clarified that the amount in controversy requirement was satisfied. (R. Doc. 13 at 7-9). Third, Defendant argues that Plaintiff's post-removal stipulation to seek less than $50,000.00 does not divest this court of jurisdiction. (R. Doc. 13 at 9-13).

In support of its second argument, Defendant has submitted a letter dated June 24, 2013, in which Plaintiff's counsel informs Defendant that Plaintiff had been "to the emergency room twice and thus far has been diagnosed with a fractured left elbow and concussion." (R. Doc. 13-1 at 1). Defendant states that "[d]iscovery has confirmed that Plaintiff did, indeed, visit the emergency room post-accident, underwent a CT scan to test for concussive symptoms, and also [was] treated with an orthopedist and underwent physical therapy due to a fractured elbow." (R. Doc. 13-1 at 3). Defendant cites various Louisiana state court decisions in support of its proposition that general

damages for a fractured elbow and concussion, when coupled with special damages for medical expenses and lost wages, would support a recovery in excess of $75,000. (R. Doc. 13 at 8-9).

III.    **Law and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above

$75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity,[4] the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). The court will first consider whether it is facially apparent from the Petition that Plaintiff's claims likely exceed $75,000. If not, the court will then consider whether Plaintiff's stipulation prior to removal sufficiently clarified that the jurisdictional minimum was satisfied at the time of removal. Finally, the court will consider whether Plaintiff's unilateral proposed stipulation that the amount in controversy is less than $50,000 divests this court of jurisdiction.

### A.     Whether the Jurisdictional Minimum is Facially Apparent

This is a slip and fall case in which the plaintiff claims to have slipped and "violently" fell to the ground shortly after entering the store and, as a result of the fall, suffered "severe and debilitating bodily injuries that have required medical treatment and will continue to require medical treatment in the future." (R. Doc. 1-2 at 2). Plaintiff seeks recovery for various broad categories of damages typically alleged in slip and fall actions—pain and suffering, mental

---

[4]  Plaintiff states in her Motion that "diversity pursuant to 28 U.S.C. § 1332 . . . does not exist." (R. Doc. 10 at 1). In light of Plaintiff's arguments focused solely on the amount in controversy requirement, it appears that Plaintiff was referencing "diversity jurisdiction" as a whole and not the "diversity" element of such jurisdiction. Regardless, Plaintiff has not submitted any argument that Defendant is a citizen of Louisiana.

anguish and distress, medical expenses, loss wages, and loss of enjoyment of life. (R. Doc. 1-2 at 3).

The Petition does not provide, however, sufficient facts for determining the severity of Plaintiff's injuries. While Defendant's Notice of Removal states that Plaintiff made representations prior to removal that she suffered from a "fractured elbow and a concussion" as a result of her fall (R. Doc. 1 at 3), the Petition itself provides no context for determining the extent of Plaintiff's alleged "severe and debilitating bodily injuries" or required medical treatment. Without some factual assertion regarding the extent or nature of the actual injury, the court is unable to make any reasonable estimate of the potential recovery for any particular category of damages based solely on the allegations in the Petition. In other words, the vague phrase "severe and debilitating bodily injuries" appears to be hyperbolic in the absence of any specific facts describing the allegedly suffered injuries.

Based on the foregoing, the court concludes that the amount in controversy is not facially apparent.

**B.     Whether the Ambiguity Regarding the Jurisdictional Amount at the Time of Removal Has Been Clarified**

Because the amount in controversy is not facially apparent, the court must determine whether the ambiguity regarding the jurisdictional amount at the time of removal has been clarified through the submission of summary judgment-type evidence. Plaintiff states that, through discovery, she has determined that the amount in controversy requirement is not satisfied.   In response, Defendant has submitted evidence and case law in support of a finding that the amount in controversy requirement has been satisfied.

On June 24, 2013, Plaintiff informed Defendant that after the incident she "has been to the emergency room twice and thus far has been diagnosed with a fractured left elbow and concussion." (R. Doc. 13-1). Plaintiff's assertion prior to removal is relevant in determining whether the amount in controversy was satisfied. The injuries suffered by Plaintiff shed light on her later allegations in the Petition that she suffered "severe and debilitating bodily injuries that have required medical treatment and will continue to require medical treatment in the future." (R. Doc. 1-2 at 2).

Defendant has established that a fractured elbow and concussion from a violent fall, when severe and debilitating, will likely result in general damages awards exceeding the jurisdictional amount. General damages for severe fractures to an elbow can be significant.[5] Similarly, general damages involving severe concussions can be significant, though it is difficult to determine the amount of such awards that are based solely on concussions.[6] The plaintiff also seeks to recover for emotional damages, which could add significantly to her potential recovery.[7]

---

[5] Defendant provides decisions involving fractured elbow injuries from trip and falls. *See, e.g., Banks v. New Orleans Sewerage and Water Board*, 728 So. 2d 527 (La. App. 4 Cir. 1999) (noting trial court award of $175,000.00 in general damages for shattered ball of elbow and fractured dental implants, but reversing on liability grounds); *Boyle v. Board of Supervisors of Louisiana State University and Agricultural & Mechanical College*, 672 So. 2d 254 (La. App. 1 Cir. 1996), *reversed on other grounds*, 685 So. 2d 1080 (La. 1997) (affirming general damage award of $100,000.00 to university student who sustained comminuted fractures of the elbow and radial head); *Gygax v. Brugoto*, 646 So. 2d 1236 (La. App. 4 Cir. 1995) (affirming $300,000.00 in pain and suffering for severe injuries to both elbows after slip and fall). Defendant admits that through discovery it is now aware that Plaintiff's elbow fracture does not appear to be as severe as the fractures in these decisions. (R. Doc. 13 at 8 n. 12). In light of Plaintiff's characterization of her own fractured elbow from a fall as "severe and debilitating," the awards in these two cases provide context for estimating the Plaintiff's potential recovery with regard to her own elbow fracture.

[6] *See, e.g., Beasley v. Yokem Toyota*, 767 So. 2d 149 (La. App. 2 Cir. 2000) (amending general damage award for plaintiff who suffered a mild concussion and soft tissue injuries in automobile accident to $20,000.00); *Bullock v. The Rapides Foundation*, 941 So. 2d 170 (La. App. 3 Cir. 2006) (affirming $30,000.00 general damage award to plaintiff who fell from stool and sustained cerebral concussion and contusion to right hip).

In addition to the general damages, Plaintiff has alleged special damages for medical expenses and loss wages. Defendant has submitted an invoice summary suggesting that Plaintiff's medical expenses between June 19, 2013 and August 28, 2013, a time period well before the removal of this case, total over $8,000.00. (R. Doc. 13-1 at 31-33). Moreover, Plaintiff has produced an earnings report showing that she can earn tens of thousands of dollars a month in sale commissions. (R. Doc. 13-1 at 34-39). Plaintiff states in her deposition that for months following the incident, her normal business and networking schedule was interrupted by her injuries and treatments. (R. Doc.13-1 at 4-12, 25-28). Based on her earnings report, Defendant calculates that if Plaintiff were to miss "out on even two transactions per month for the three months in which she [was] primarily treated for incident, that claim alone could be valued at over $30,000.00." (R. Doc. 13 at 9 n. 12).[8] This approximation of Plaintiffs lost wages is supported by Plaintiff's representation in the February 6, 2014, Status Report that she has "lost approximately $40,000.00 in wages" in light of the accident. (R. Doc. 5 at 4).

Based on Plaintiff's pre-lawsuit representations, the allegations in the Petition, and the summary judgment-type evidence supplied by Defendant, the amount in controversy requirement was satisfied at the time of removal. Furthermore, Plaintiff has not come forward with any evidence providing that, at the time of removal, there was a "legal certainty" that Plaintiff would not recover over $75,000.

---

[7] *See Gygax*, 646 So. 2d 1236 (affirming $50,000.00 in mental pain and suffering for severe injuries to both elbows after slip and fall).

[8] To reach this number, Defendant calculates Plaintiff's average commission as $5,344.97 per "side" of a real estate transaction based on 111.3 "sides" generating $594,894.63 in commissions. (R. Doc. 13 at 9 n. 12 (citing R. Doc. 13-1 at 34-39)).

### C.    Whether Plaintiff's Post-Removal Stipulation Divests the Court of Jurisdiction

The Fifth Circuit has endorsed a narrow situation in which a unilateral post-removal stipulation can clarify that the amount in controversy is not satisfied where the following three elements have been met: "(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $[75],000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." *Marcel v. Pool Company*, 5 F.3d 81, 85 (5th Cir. 1993) (quoting *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993); *see also McGlynn v. Huston*, 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (considering post-removal affidavit regarding the amount in controversy where defendant "failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought.").

The court finds that the narrow grounds announced in the *ANPAC* decision are not applicable here. First, although it was not facially apparent from the Petition that the amount in controversy was satisfied, the ambiguity was resolved in favor of jurisdiction based upon the Plaintiff's pre-removal representations of a broken elbow and concussion as severe and debilitating. Second, the Defendant made it clear in its Notice of Removal that it believed the amount in controversy requirement was satisfied on the basis of Plaintiff's representations of a

broken elbow and concussion. Third, the unilateral stipulation offered by Plaintiff in this action was not timely made and appears to be based on Plaintiff's own subjective post-removal determination of the amount in controversy.[9] Finally, the stipulation offered is not binding on Plaintiff, as she does not renounce her right to recover more than the jurisdictional amount.[10]

Plaintiff seeks remand based on post-removal discovery, including her own deposition testimony on November 11, 2014, and documents produced by Defendant on January 14, 2015. Plaintiff does not explain, however, how that discovery supports a finding that the amount in controversy requirement was not satisfied at the time of removal. It is unclear to the court whether Plaintiff testified at her deposition that she had a reduction in pain or injuries since the accident. Similarly, it is unclear to the court what documents may have been in possession of Defendant (and not Plaintiff) that would have bearing on Plaintiff's injuries at the time of removal.   To the extent the discovery relied upon by Plaintiff goes to her recovery after removal, a post-removal filing seeking to reduce the amount in controversy below the statutory minimum based on subsequent events does not destroy the court's subject matter jurisdiction. *See*, *e.g.*, *ANPAC*, 988 F.2d 559, 565 ("[A] plaintiff may not defeat removal by subsequently *changing* his damage

---

[9]  In *ANPAC*, the relevant affidavit was filed into the record with the plaintiffs' motion to remand just one month after removal. *ANPAC*, 988 F.2d at 562.   Here, Plaintiff has waited well over a year (and after the filing of a motion for summary judgment) to propose a stipulation that her claim does not exceed $50,000 based in part on her own deposition testimony.

[10] A plaintiff's stipulation that the amount in controversy is satisfied is only binding "if, within that stipulation, [she] expressly renounced [her] right to recover in excess of $75,000.00" in state court. *McGlynn*, 693 F. Supp. at 593 (plaintiff's stipulation was not binding because it failed to "provide that he will not accept more than [$75,000] in the event he is awarded that amount in state court"); *see also Printworks, Inc. v. Dorn Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding). This is because a Louisiana state court can award all damages to which it feels a plaintiff is entitled, regardless of what is plead in the petition. *See* La. C. Civ. P. art. 862 ("a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings").

request, because post-removal events cannot deprive a court of jurisdiction once it has attached.");
*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction.").

## IV. Conclusion

The Court has subject matter jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332(a). Plaintiff's post-removal, proposed unilateral stipulation does not divest this Court of jurisdiction.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand (R. Doc. 10) should be **DENIED**.

Signed in Baton Rouge, Louisiana, on April 13, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**