UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LIBBY AMMON

VERSUS

DILLARD'S DEPARTMENT STORE #768

CIVIL ACTION NO.

13-CV-764-SDD-RLB

## RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] by Defendant, Higbee LANCOMS, LP ("Defendant")(incorrectly identified as Dillard's Department Store #768). Plaintiff Libby Ammon ("Plaintiff") has filed an *Opposition*[2] to this motion. For the following reasons, the Court finds that Defendant's motion should be granted.

I. **FACTUAL BACKGROUND**

On June 19, 2013, Plaintiff had an appointment at 10:00 a.m. with a Lancome make-up artist at the Dillard's Department Store in the Mall of Louisiana located in Baton Rouge, Louisiana, the same time that the store opened.[3] Plaintiff alleges in her Petition that it had been raining all morning on June 19, 2013, and continued to rain from the time she left home and arrived at Dillard's.[4] Although Plaintiff's Petition states that there were no mats on the ground either after the first set of doors or the second set of doors,[5] Plaintiff testified in her deposition that, in the buffer area between the sets

---

[1] Rec. Doc. No. 8.
[2] Rec. Doc. No. 17.
[3] Rec. Doc. No. 17-2, p. 2 (Deposition of Libby Ammon, p. 41).
[4] Rec. Doc. No. 1-2, p. 1, ¶ 3.
[5] *Id.*, at pp. 1-2, ¶ 4.

1

of doors, there were "black rugs, big mats"[6] on which she "probably wiped my shoes because it was monsoon rain."[7] Plaintiff testified that she was wearing open-toed black sandals with a strap around the back of her heel and a wedge bottom.[8] Plaintiff further testified these shoes had a solid flat rubber sole with no ridges or "tread".[9] Upon entering the store, Plaintiff claims she turned right at the first main aisle and walked normally in the store as she headed to the escalators.[10] Plaintiff contends that, about halfway to the escalators,[11] she suddenly felt as though she had stepped on "ice or something."[12] Plaintiff claims she felt herself falling forward, that she had her purse and umbrella in her right hand, and caught herself with her hand in front of her. She claims she "fell on my hand, hit my head, landed on my left side."[13] Plaintiff also contends that there were no warning signs of any unsafe or slippery condition on the floor.[14]

Plaintiff filed this lawsuit claiming that Defendant breached its duty under Louisiana Revised Statute 9:2800.6 to keep its aisles free of any hazardous condition which might reasonably give rise to damage. Specifically, Plaintiff contends that the Defendant either created the risk or had constructive knowledge of the risk yet failed to exercise reasonable care in eliminating the risk; and that Defendant knew or should have known that the store contained an unreasonable risk of harm that ultimately caused Plaintiff's fall.

---

[6] Rec. Doc. No. 8-4, p.9 (Deposition of Libby Ammon, p. 47).
[7] Rec. Doc. No. 8-4, p.10 (Deposition of Libby Ammon, p. 48).
[8] Rec. Doc. No. 8-4, p.6 (Deposition of Libby Ammon, p. 44).
[9] Rec. Doc. No. 8-4, pp. 6-7 (Deposition of Libby Ammon, pp. 44-45).
[10] Rec. Doc. No. 8-4, p.10 (Deposition of Libby Ammon, p. 48).
[11] Plaintiff's Deposition states she was headed to the escalators (*Id.*); Plaintiff's memorandum in opposition to the motion states she was headed towards the elevators (Rec. Doc. No. 17, p. 2).
[12] Rec. Doc. No. 17-2, p. 8 (Deposition of Libby Ammon, p. 49).
[13] *Id.*
[14] Rec. Doc. No. 17-2, p. 7 (Deposition of Libby Ammon, p. 48).

Defendant has moved for summary judgment arguing that Plaintiff has failed to satisfy her burden under La. R.S. 9:2800.6 to come forward with positive evidence showing that the damage-causing condition existed for some period of time sufficient to place the Defendant on notice of its existence. Defendant claims there are no genuine issues of material fact in dispute, and Plaintiff's case should be dismissed.

II. **LAW AND ANLYSIS**

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[16] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[17] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[18] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[19]

---

[15] Fed. R. Civ. P. 56(a).
[16] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[17] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (5th Cir. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[18] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[19] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[20] All reasonable factual inferences are drawn in favor of the nonmoving party.[21] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[22] "Conclusory allegations unsupported by specific facts ... will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations ... to get to a jury without any "significant probative evidence tending to support the complaint."'"[23]

### B. The Louisiana Merchant Liability Statute – La. R.S. 9:2800.6[24]

Louisiana Revised Statute 9:2800.6 sets forth the burden of proof in claims against merchants, such as the Defendant, and provides the following in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

---

[20] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[21] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[22] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[23] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[24] Louisiana law on merchant liability governs Plaintiff's claims in this matter that is proceeding in this Court on the basis of diversity jurisdiction.

4

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

"Constructive notice," as defined in La. R.S. 9:2800.6(C)(1), means that "the condition existed for such a period of time that it would have been discovered had the merchant exercised reasonable care." The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care, should have known of the condition.[25]

Where the cause and time of a spill are unknown in a slip and fall case arising on a merchant's premises, the factfinder is required to draw inferences from various factors pertaining to the spill and the merchant's actions in an effort at determining whether the merchant's negligence is the "most plausible explanation for the accident."[26] Since fault is not based on strict liability, a spill that is not shown to be caused by the storekeeper, but more likely was caused by another patron, does not alone create liability.[27] The plaintiff must also prove that the defendant breached the duty of reasonable inspection and care of the premises.[28]

---

[25] La. R.S. 9:2800.6(C)(1).
[26] *Tanner v. Brookshire Grocery Co.*, 29,276 (La.App. 2 Cir. 4/2/97), 691 So.2d 871, 873.
[27] *Id.*
[28] *Id.*

To prove that the defendant breached that duty, a plaintiff must make a "positive showing" that "the [damage-causing] condition existed for such a period of time" before the fall that the merchant would have discovered its existence through the exercise of ordinary care.[29] Thus, a claimant who simply shows that the condition existed, without an additional showing that the condition existed for "some time" prior to the fall, has failed to carry the burden of proving "constructive notice" as mandated by La. R.S. 9:2800.6.[30] Where a plaintiff does not present any evidence as to how long the damage-causing condition existed prior to the fall, courts have routinely found that the plaintiff has failed to carry his/her burden of proof.[31] In addition, the merchant does not have to disprove its culpability by coming forward with positive evidence of the absence of a spill.[32]

In this case, Defendant contends Plaintiff's deposition testimony forecloses Plaintiff's claims because it demonstrates her inability to satisfy her burden of proof. Specifically, Plaintiff admits that she did not see anything on the floor prior to her fall, and that neither she nor the Defendant's employee who came to her aid after the fall

---

[29] *White v. Wal–Mart Stores, Inc.*, 97–C–0393 (La.9/9/97), 699 So.2d 1081, 1084–1085.
[30] *Id.* at 1083.
[31] *See, O'Brien v. Wal–Mart Stores, Inc.*, 31,032 (La.App. 2nd Cir.10/28/98), 720 So.2d 1263 (The plaintiff failed to present any evidence to establish that the oil upon which she slipped was on the floor for any length of time and therefore did not establish constructive notice on the part of the defendant/merchant); *Kennedy v. Wal–Mart Stores, Inc.*, 98–1939 (La.4/13/99), 733 So.2d 1188 (While the plaintiff produced evidence showing that the general area where he fell was within view of a customer service podium and that it was raining on the evening when he fell, he failed to present any evidence as to the length of time the puddle was on the floor before his accident and therefore failed to meet his burden of proving Wal-Mart's constructive knowledge of the condition); *Babin v. Winn Dixie of Louisiana, Inc.*, 2000–0078 (La.6/30/00), 764 So.2d 37 (Where the plaintiff admitted in his deposition that he did not know how the toothpick boxes upon which he slipped arrived on the floor and that he did not know how long they had been on the floor prior to his fall, the Louisiana Supreme Court found that the plaintiff failed to produce the factual support necessary to establish that he would be able to satisfy his evidentiary burden of proof at trial and therefore found that summary judgment was appropriate).
[32] *Id.* at 1086.

saw anything on the floor after the accident.[33] Plaintiff also testified that she did not recall seeing any other customers in the store when she entered; rather, she only saw sales associates in the shoe and purse departments.[34]

In opposition, Plaintiff states: "While it is true Ms. Ammon could not identify a substance on the floor, there is no other explanation as to why she slipped."[35] Plaintiff also contends that she was "well familiar" with the black sandals she was wearing and had never slipped in them before; thus, "it is simply not credible" that her shoes would become slick unless they came into contact with something causing that condition.[36] Plaintiff further claims that Defendant had control over the slippery area hours before Plaintiff's fall as there were only Defendant's employees in the store prior to its opening, and no other customers were in the store when Plaintiff entered. For this reason, Plaintiff contends "Dillard's had control over the area and had to have created the unsafe condition or allowed it to exist for hours."[37] Plaintiff also contends: "It is obvious the condition presented an unreasonable risk of harm as it was not visible, extremely slick and Ms. Ammon was seriously harmed as a result of her fall. It is also obvious from the facts that Dillard's had either actual or constructive notice of the condition."[38]

The Court finds that Plaintiff has failed to carry her burden of proof and failed to present a genuine issue of material fact which would preclude summary judgment. The law set forth above is clear: Plaintiff must come forward with positive evidence showing that the condition that caused the damage existed for some period of time, and that

---

[33] Deposition of Libby Ammon, pp. 47-48.
[34] Id. at p. 47.
[35] Rec. Doc. No. 17, p. 2.
[36] Id.
[37] Id. at p. 3.
[38] Id.

such time was sufficient to place Defendant on notice of its existence.[39] The fact that Defendant had employees in the store prior to Plaintiff's fall is of no consequence to this determination. Plaintiff's own testimony acknowledges that she could not identify any substance on the floor before or after her fall, and she merely relies on the allegation that the floor was unreasonably slippery. Plaintiff's arguments that it is "obvious" that there must have been an unsafe condition on the floor or she would not have fallen do not constitute "positive evidence" of such a condition and fail to consider that Plaintiff's own conduct could have been the cause of her fall. The Court finds these arguments to be highly speculative and conclusory with no factual or evidentiary support.

Both Louisiana federal and state courts have granted summary judgment in favor of merchants in factually similar cases. The reasoning and analysis of the court in *Reeves v. TPI Restaurants, Inc.*[40] is particularly applicable to this case. In *Reeves*, the plaintiff brought suit for damages allegedly sustained after a slip and fall in a Shoney's restaurant.[41] The undisputed facts of the case showed that the plaintiff had no idea for how long the alleged slippery condition existed on the floor; could not say what the substance was, if there indeed was a foreign substance on the floor; and presented no evidence that Shoney's had actual or constructive knowledge of the alleged condition.[42] The court cited the merchant liability statute set forth above and stated that, "Section 2800.6(b) clearly places the burden of proving *all* elements under § 2800.6(b) on the plaintiff alone, and a plaintiff's failure to prove even *one* element is fatal to the entire

---

[39] *Wright v. SCC Serv. Solutions, Inc.*, 07-219 (La. App. 5 Cir. 9/25/07), 968 So.2d 759.
[40] No. 05-1778, 2008 WL 680214 (W.D. La. Mar. 13, 2008).
[41] *Id.* at *2.
[42] *Id.* at *3.

cause of action."[43] Finding summary judgment appropriate in favor of the defendant, the court held as follows:

> The plaintiffs have brought absolutely NO evidence that Shoney's either created or had actual or constructive knowledge of any slippery condition on the floor. The plaintiffs cannot say whether there was a substance at all, what that substance was, or how long it had been in place before the accident. As *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La.1997), explains with respect to constructive notice, "The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall." *Id.*
>
> Simply put, the plaintiffs have failed to present any evidence of actual or constructive notice on the part of Shoney's.[44]

The same statement could be said of the Plaintiff in this case in relation to the allegedly slippery condition/floor which allegedly caused her fall.

The same result was reached by the First Circuit Court of Appeal for the State of Louisiana in *Burnett v. Lucky Nails, Inc.*[45] In *Burnett*, the plaintiff slipped and fell in a nail salon after she was proceeding towards the pedicure chairs for a pedicure.[46] The trial court held a hearing on the defendant's motion for summary judgment and concluded that the evidence failed to demonstrate that there was "anything obvious" on the floor, noting that the plaintiff had testified that there was no water on the floor, only that the floor "felt slippery."[47] The trial court held that the plaintiff's failure to identify any substance on the floor or how it got there constituted a failure to carry her burden of proof.[48]

---

[43] *Id.* (emphasis in original).
[44] *Id.* at *4.
[45] No. 2014 CA 1577, 2015 WL 3613089 (La. App. 1 Cir. June 5, 2015).
[46] *Id.*
[47] *Id.*
[48] *Id.*

On appeal, the First Circuit reviewed the record *de novo* and affirmed the decision of the trial court. The First Circuit agreed that the plaintiff's acknowledgement that she did not notice anything unusual about the floor and did not notice any liquid or water on the floor constituted "an absence of support for one of the essential elements of plaintiff's claim, *i.e.*, the existence of a condition on the floor that created an unreasonable risk of harm to persons on the premises."[49] The court also found lacking the plaintiff's affidavit wherein she attested that the floor "appeared to have some substance making it slippery as ice."[50] The court held that, "[t]his affidavit contains only conclusory allegations of fact rather than specific facts based on personal knowledge. Affidavits with conclusory allegations of fact which are devoid of specific facts are not sufficient to defeat summary judgment."[51] The court continued:

> Plaintiff also cited to portions of her deposition that had been filed by defendants, wherein she testified about the slipperiness of the floor. In her deposition, plaintiff testified that she felt the floor as she got up after the fall and that it was "slippery" and "felt differently," "like wax." However, she acknowledged that she did not know what made the floor slippery. She speculated that the floor may have been slippery from whatever substance the employees used to clean the floor or wipe their work areas after pedicures. Other than when she placed her hand on the floor to get herself up, plaintiff did not rub the floor with her hands or feet to inspect it. Other than her own speculation, plaintiff did not offer any factual evidence to establish that excessive wax or a cleaning solution was present on the floor that day.
>
> Plaintiff also agreed, when questioned by her attorney, that it was possible that pedicure solution "could get on the floor" as customers took their feet in and out of the pedicure tubs or that some disinfectant spray used to clean the tubs could have gotten on the floor. However, plaintiff acknowledged that there was no water on the floor.

---

[49] *Id.* at * 3.
[50] *Id.*
[51] *Id.*, citing *Christakis v. Clipper Construction, L.L.C.*, 2012–1638 (La.App. 1st Cir.4/26/13), 117 So.3d 168, 170–171, *writ denied*, 2013–1913 (La.11/8/13), 125 So.3d 454.

Moreover, this testimony is mere speculation. Speculative allegations as to the presence of a substance on a floor are insufficient to defeat summary judgment. *See Trench v. Winn–Dixie Montgomery LLC*, 14–152 (La.App. 5th Cir.9/24/14), 150 So.3d 472, 476–477; *also see generally Kinchen v. J.C. Penney Company, Inc.*, 426 So.2d 681, 683–684 (La.App. 1st Cir.1982), *writ denied*, 431 So.2d 774 (La.1983) (The mere fact that a floor has a "high shine" is not sufficient to establish liability. Rather the plaintiff must prove that floor was in fact unreasonably slippery, such as from an excessive or uneven application of wax or an improper application of wax.).

Finally, we note that in her appellate brief, plaintiff makes various statements that: the floors in the building at issue had an "inherent slippery nature"; ceramic tile floors "may be slippery unless non-slip measures are taken"; "[t]hese slippery floors were made more slippery by applying polymer over wax dressing"; and "the sea salt aroma therapy mixture and cuticle lotion commonly used for pedicures if left on the floor creates an unreasonable risk of harm." However, there is no evidence in the record to support any of these allegations. Argument or allegations in briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact. *Rapp v. City of New Orleans*, 95–1638 (La.App. 4th Cir.9/18/96), 681 So.2d 433, 437, *writ denied*, 96–2925 (La.1/24/97), 686 So.2d 868.

In the present case, there is nothing before the Court that warrants a different result than those reached by the courts in the cases cited above. The Court has not made any credibility evaluations in reaching this decision. Indeed, the Court accepts as true all of Plaintiff's deposition testimony. Plaintiff admitted in her deposition that she did not see any water, liquid, or other foreign substance on the floor, she does not know whether the Defendant's employees caused the allegedly unsafe condition on the floor, how long the condition existed before she slipped, or whether any employee of the Defendant knew of the condition prior to her fall. Thus, Plaintiff has failed to provide any evidence demonstrating that the Defendant had actual or constructive notice of the existence of the damage-causing condition prior to her fall. Because Plaintiff is unable to produce the necessary factual support to satisfy her burden of proving actual or

constructive notice on the part of the Defendant as required by La. R.S. 9:2800.6 and related jurisprudence, summary judgment in favor of the Defendant is warranted under the facts of this case.

III.    CONCLUSION

For the reasons set forth above, Defendant's *Motion for Summary Judgment*[52] is GRANTED. Plaintiff's claims are dismissed with prejudice.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 22 day of June, 2015.

*[Signature: Shelly D. Dick]*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[52] Rec. Doc. No. 8.